Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART** Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Stacy Johnson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stacy Johnson,<br><br>                    Plaintiff,<br><br>v.<br><br>Santander Consumer USA,<br><br>                    Defendant. | **Case No:** '18CV1555 MMABGS<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT, CAL. CIV. CODE CAL. CIV CODE § 1788,** *ET SEQ.*<br>**2. NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br>**3. INTENTIONAL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br>**4. NEGLIGENCE**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1.  The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

2.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3.  Toward this end, Congress found that:

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

    > *Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.  Plaintiff Stacy Johnson ("Plaintiff"), by Plaintiff's attorneys, bring this action to challenge the conduct of Santander Consumer USA ("Santander") ("Santander" or "Defendant"), with regard to attempts by defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff.  Further,

Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in their negligent and/or willful violations of the TCPA.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which she alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

10. This court has subject matter jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367, for supplemental state claims.

11. This action arises out of Defendant' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducted business within Orange County and Plaintiff is located within this district.

## PARTIES & DEFINITIONS

14. Plaintiff is a natural person who resides in the City of Irvine, State of California. As discussed below, Plaintiff allegedly incurred a financial obligation to Defendant in the form of a car loan. This loan was for personal purposes. Therefore, Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

15. Furthermore, the loan is a "consumer debt" and a "debt," as those terms are defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

16. Defendant is, and at all times mentioned herein was, a limited liability company and a "person" under 47 U.S.C. § 153 (39). Defendant has its principal place of business in the Dallas, Texas.

17. On behalf of itself, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. Therefore, Defendant is a "debt collector," as that term is defined by Cal. Civ Code § 1788.2(c).

### FACTUAL ALLEGATIONS

18. Plaintiff allegedly incurred certain financial obligations to Defendant related to a loan for her 2015 Nissan Altima.

19. Between April 13, 2017 through August 7, 2017, Defendant called Plaintiff's cellular telephone, ending in 4756, to collect payments on the loan.

20. Defendant made these calls using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice," which is prohibited by 47 U.S.C. § 227(b)(1)(A).

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before a Santander representative would pick up and start speaking.

23. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

24. Plaintiff received at least 70 calls from Defendant on her cellular telephone.

25. From July 1, 2017 to August 7, 2017, Defendant called Plaintiff at least 33 times.

26. Plaintiff did not provide express consent to Defendant to call Plaintiff's cellular telephone.

27. Further, even if Plaintiff gave Defendant her prior express consent to contact Plaintiff on her cellular telephone, she revoked such consent—on numerous occasions—during telephone calls with Defendant.

28. On July 9, 2017, Plaintiff faxed Defendant a cease and desist letter that instructed Defendant to stop calling her cell phone.

29. On July 10, 2017, Plaintiff mailed that same cease and desist letter to Defendant.

30. Yet, despite these requests, Defendant continued to call Plaintiff's cell phone without interruption.

31. Each of these calls was an attempt to collect on a debt allegedly due and owing by Plaintiff.

32. These calls were made by Defendant or Defendant's agent with Defendant's permission, knowledge, and control. Further, they were made for Defendant's benefit.

33. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

34. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

36. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

37.  The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant' unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

### 15 U.S.C. § 1692c

38.  Cal Civ. Code § 1788, *et seq.* incorporates provisions of the Fair Debt Collections Practices Act, including 15 U.S.C. § 1692c.

39.  Under 15 U.S.C. § 1692c, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further. . . ." The debt collector may, however, communicate with the consumer in select instances:

- to advise the consumer that the debt collector's further efforts are being terminated;
- to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
- where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

40.  Defendant did not stop communicating with Plaintiff, despite her request to cease communications. On July 9, 2017 and July 10, 2017, Plaintiff sent Defendant two identical cease and desist letters that asked Defendant to stop communicating with her. Defendant, however, continued to call Plaintiff's cellular telephone. These continued communications were for the purpose of collecting the alleged debt. They were not, therefore, for the purpose of advising Plaintiff that Defendant was terminating further efforts collection

1    efforts or to notify Plaintiff that Defendant may invoke specified remedies or

2    will invoke a specified remedy.

3    41.   Therefore, Defendant violated 15 U.S.C. § 1692c and, in turn, Cal Civ. Code

4          § 1788, *et seq.*

5                      **Standing Under 47 U.S.C. §227 ET SEQ.**

6    42.   Standing is proper under Article III of the Constitution of the United States of

7          America because Plaintiff's claims state:

8                a.  a valid injury in fact;

9                b.  which is traceable to the conduct of Defendant;

10               c.  and is likely to be redressed by a favorable judicial decision.

11         See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and   *Lujan v.*

12         *Defenders of Wildlife, 504 U.S. 555 at 560.*

13   43.   In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must

14         clearly allege facts demonstrating all three prongs above.

15   **A.   *The "Injury in Fact" Prong***

16   44.   Plaintiff's injury in fact must be both "concrete" and "particularized" in order

17         to satisfy the requirements of Article III of the Constitution, as laid out in

18         *Spokeo (Id.).*

19   45.   For an injury to be "concrete" it must be a *de facto* injury, meaning that it

20         actually exists.  In the present case, Plaintiff was called on Plaintiff's cellular

21         phone by Defendant.  Such calls are a nuisance, an invasion of privacy, and an

22         expense to Plaintiff.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637,

23         638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

24   46.   For an injury to be "particularized" means that the injury must "affect the

25         plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S.*

26         *___ (2016) at 7*.   It was plaintiff's personal privacy and peace that was

27         invaded by Defendant's persistent phone calls using an ATDS.  All of these

28         injuries are particularized and specific to plaintiff.

**B.** ***The "Traceable to the Conduct of Defendant" Prong***

47.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant(s).

48.     In the instant case, this prong is met simply by the fact that the calls to plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

**C.** ***The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

49.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

50.     In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227.  The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

51.     Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future.  The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

52.     Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in  Spokeo, Inc. v. Robins, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

## COUNT I

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

53. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

### NEGLIGENCE

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendant had a duty to use care to not infringe on consumers' privacy rights when collecting on alleged debts and not calling Plaintiff hundreds and/or thousands of times to harass and/or abuse Plaintiff.

64. Defendant breached that duty by calling Plaintiff on Plaintiff' cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

65. Plaintiff was harmed and suffered injury as described above.

66. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

---

67.    As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant' conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Treble damages pursuant to Cal. Civ. Code § 3345;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Special, general, compensatory, and punitive damages; and
- Any and all other relief that this Court deems just and proper.

68.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART, APC**

Date: July 9, 2018                                        By:  /s/Joshua B. Swigart
                                                               Joshua B. Swigart
                                                               *Attorney for Plaintiff*